Evans *v.* Secrest and Another.

Where a woman, being the payee and holder of a sealed note, marries, the property of the note is in the husband, and he alone, and not the wife, can negotiate and pass it by indorsement.

When the assignment of the note is signed by the husband, the wife's signature to the assignment is mere surplusage.

In a declaration upon a note, the allegation of the non-payment of the note or any part thereof, is a sufficient breach.

ERROR to the *Putnam* Circuit Court.

*Friday,
December 24.*

Blackford, J.—This was an action of debt brought by *George Secrest* and *Clinton Walls* against *Martha Evans*. The declaration contains two counts.

The first count alleges that, on, &c., at, &c., the defendant, by her sealed note, bound herself to pay to one *Lorena E. Evans*, then sole and unmarried, on, &c., the sum of, &c.; that the payee afterwards married one *George Smith;* that after the note fell due, and after the marriage, and before the payment of any part of the note, the said *Lorena* and her said husband assigned the note to the plaintiffs; of all which the defendant had notice; whereby an action accrued, &c.

The second count is similar to the first, except that it alleges the assignment of the note to have been made by the husband alone.

The declaration concludes as follows: "Yet the said defendant hath not paid the said several sums of money or any part thereof; to plaintiffs' damage of 50 dollars; and hence they sue, &c."

The assignment of the note, as appeared on *oyer*, was signed both by the husband and his wife.

General demurrer to the declaration, and judgment for the plaintiffs.

The property in the note, after the marriage, was in the husband, and he alone, and not his wife, could negotiate and pass it by indorsement. Macqueen on Husband and Wife, 20, 51. The wife's signature to the indorsement mentioned in the first count, is mere surplusage.

It is contended that the breach assigned does not show

but that the note had been paid to the payee or her hus-band. We think, however, that the general allegation of the non-payment of the note, or any part thereof, is sufficient.

*Per Curiam.*—The judgment is affirmed with costs.

*J. M. Hanna,* for the plaintiff.

*J. Cowgill,* for the defendants.